# EXHIBIT G

```
            IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

                       IN AND FOR NEW CASTLE COUNTY
                                  - - - - -


       PAULA HARRIS,              :  C.A. No.
                                  :  N15C-06-216 PEL
                  Plaintiff,      :
                                  :
            vs.                   :
                                  :
       BOSTON SCIENTIFIC          :
       CORPORATION (d/b/a         :
       MANSFIELD SCIENTIFIC,      :
       INC. & MICROVASIVE         :
       INC.),                     :
                                  :  Motion Hearing
                  Defendants.     :  April 11, 2017

                                  - - - - -


       BEFORE:   HONORABLE MARY M. JOHNSTON, JUDGE


       APPEARANCES:


                 SHELSBY & LEONI
                 BY:  ROBERT J. LEONI, ESQ.
                          - AND -
                 KLINE & SPECTER
                 BY:  LEE B. BALEFSKY, ESQ. and
                      CHRISTINE V. CLARKE, ESQ.
                 For Plaintiff

                 ECKERT SEAMANS CHERIN & MELLOTT, LLP
                 BY:  COLLEEN D. SHIELDS, ESQ.
                          - AND -
                 SHOOK, HARDY & BACON L.L.P.
                 BY:  AMANDA R. TAMAYO, ESQ. and
                      JON A. STRONGMAN, ESQ.
                 For Defendants
```

1              Further, would an adequate warning have been
2     futile?
3              Finally, was the product fit for an ordinary
4     purpose?  And these purposes are alleged to be
5     permanent implantation and treatment of stress
6     urinary incontinence.  Was there adequate testing
7     done?
8              I find that I must deny the Motion for
9     Summary Judgment, because even though there
10    certainly is testimony that the -- by plaintiff
11    that these factual issues exist, there's also
12    strong evidence by the defendant that these factual
13    issues could be resolved in defendants' favor.  But
14    that's not my job at summary judgment.  There are
15    issues of fact which go into the details of the
16    warnings, the complication rates, the extent of the
17    injuries and the severity of the complications.
18             So, therefore, I am denying the Motion for
19    Summary Judgment, except to the extent that it's
20    been conceded by plaintiff that there are two
21    claims that they are not pursuing.
22             All right.  Let's move to punitive damages.
23    I should say, as a preliminary matter, that with

1    regard to all of these motions, the default will be

2    that my rulings will be consistent with what I have

3    ruled before in other pelvic mesh proceedings, and

4    also, if there's a consensus in the MDL litigation,

5    I will attempt to rule consistently with those

6    rulings.

7           Now, so the focus should be on each party

8    trying to convince me why I should or should not

9    deviate from prior rulings.

10          MS. SHIELDS:  Thank you, Your Honor.  I will

11   be brief on punitive damages.

12          Your Honor has decided this issue before,

13   albeit under a little bit different circumstances.

14   In the <u>Barber</u> case, when Your Honor decided the

15   punitive damage issue and applied Delaware law, it

16   was because Miss Barber was a Delaware citizen, and

17   the Court was relying on Delaware case law to say

18   that the importance of enforcing punitive damages

19   and damage issues related to Delaware citizens was

20   something that was an important interest of the

21   State of Delaware.

22          This defendant is not a Delaware residence.

23   She's an Arkansas resident, and so the Court then,

Case 6:20-cv-00881-RBD-GJK Document 125-7 Filed 10/29/20 Page 5 of 9 PageID 21423
Case 0:13-cv-62370-RKA Document 103-1 Entered on FLSD Docket 02/28/2020 Page 16 of 41

34

1   I guess, has to ask itself did this particular
2   plaintiff have an ability to avail herself of the
3   protections of Arkansas by filing in the State of
4   Arkansas, if she felt that it was important for her
5   to get the benefit of Arkansas law protecting her
6   with regard to punitive damages.
7           One of the other things that the Court made
8   notice of during -- although didn't decide this
9   way, but took notice of, during the arguments in
10  <u>Barber</u> case, is that there is Delaware precedent
11  for having a different standard applied -- a
12  different state standard applied under choice of
13  law principles to substantive damages and punitive
14  damages; and so we would, on those bases, ask the
15  Court to reconsider Boston Scientific's position
16  that with regard to the decision making, the
17  conduct which the plaintiffs claim is the
18  underlying basis for punitive damages, that all of
19  that conduct occurred in Massachusetts, not in
20  Delaware and not in Arkansas.
21          And then finally, Your Honor, we would ask
22  you to reconsider the position that a company who
23  has a product that has FDA clearance and that

Case 6:20-cv-00831-RBD-GJK Document 125-7 Filed 10/29/20 Page 6 of 9 PageID 21424
Case 0:13-cv-62370-RKA Document 103-1 Entered on FLSD Docket 02/28/2020 Page 17 of 41

35

1    has -- that FDA clearance has never been revoked,

2    whatever evidence the plaintiffs in all these

3    lawsuits have put forward, is not a company that

4    should be faced with a claim for punitive damages

5    relative to that product.

6             Thank you, Your Honor.

7             MR. BALEFSKY: Good morning, Your Honor.

8             THE COURT: Good morning.

9             MR. BALEFSKY: I think very briefly.

10            I just want to comment on one of the first

11   things Counsel said is that we're talking about the

12   Lynx being a different product than what was heard

13   in the Barber case. Well, that's true, but it's

14   still the same material, and it's still for the

15   same use. The only difference between the Lynx in

16   the other products, the Lynx was used for SUI.

17   It's the same exact material that you're talking

18   about was the product in the Barber case.

19            Your Honor's already ruled that -- that the

20   law of Massachusetts does not apply in these cases.

21   I would just indicate that Arkansas was the state

22   where the plaintiff's injuries occurred. It's the

23   state where the conduct giving rise to the

Case 6:20-cv-00881-RBD-GJK Document 125-7 Filed 10/29/20 Page 7 of 9 PageID 21425
Case 0:13-cv-62370-RKA Document 103-1 Entered on FLSD Docket 02/28/2020 Page 16 of 41

36

| | |
|---|---|
| 1 | plaintiff's claims occurred.  That is, the |
| 2 | communications that were made to Dr. Burton, and |
| 3 | it's the state where she had all of her treatment. |
| 4 | So, I think the same argument that was made |
| 5 | previously, and I would just argue that Your |
| 6 | Honor's -- there's no reason to change Your Honor's |
| 7 | ruling in that respect. |
| 8 | With respect to the FDA, as Your Honor is |
| 9 | aware, the product was cleared through the 510(k) |
| 10 | process through the FDA, which is not an approval, |
| 11 | but it was cleared, consistent with a standard that |
| 12 | means it was similar to other products.  So that |
| 13 | should not have any bearing at all on the concern |
| 14 | here for punitive damages. |
| 15 | Thank you. |
| 16 | THE COURT:  All right.  I am going to rule |
| 17 | in the same manner that I ruled in my decision |
| 18 | issued April 8th, 2014.  In this case, I find that |
| 19 | Massachusetts does not have the most significant |
| 20 | relationship to the occurrence and the parties; |
| 21 | rather, Arkansas law applies, which would permit |
| 22 | punitive damages in this case.  So, I am denying |
| 23 | Boston Scientific's Motion for Summary Judgment, |

Case 6:20-cv-00881-RBD-GJK Document 125-7 Filed 10/29/20 Page 8 of 8 PageID 2142
Case 0:18-cv-62370-RKA Document 103-1 Entered on FLSD Docket 02/28/2020 Page 13 of 41

37

1  however, without prejudice.

2  At the conclusion of the evidence, if the

3  evidence does not show a foundation to instruct the

4  jury on punitive damages, then I will permit Boston

5  Scientific to renew its motion. Obviously, not on

6  a choice of law bases, but on the basis of the

7  evidence.

8  Now, having made this ruling, I am not going

9  to permit plaintiffs to mention punitive damages in

10 opening statements. I will decide at the close of

11 the evidence whether or not that will be part of

12 the jury instructions and whether plaintiffs may

13 make that argument in closing argument.

14 Let's move to -- is it Dr. Bercik?

15 MR. STRONGMAN: Good morning, Your Honor. I

16 believe it's Dr. Bercik.

17 THE COURT: Bercik, thank you.

18 MR. STRONGMAN: This is John Strongman on

19 behalf of Boston Scientific, and I have had the

20 opportunity to be a part of several of these mesh

21 trials over the years, but have not had the

22 opportunity to appear in this court. So, I

23 appreciate the chance to be here today.