UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAEANN BAYLESS,

    Plaintiff,

v.   Case No. 6:20-cv-831-RBD-GJK

BOSTON SCIENTIFIC
CORPORATION; and COLOPLAST
CORP.,

    Defendants.

## ORDER

Before the Court is Defendant Boston Scientific Corporation's ["BSC"] Unopposed Motion to Bring Electronic Devices Into the Courtroom at Trial (Doc. 192) and Plaintiff's Unopposed Motion to Allow Electronic Equipment in Courtroom for Use at Trial (Doc. 194). On review, the motions are granted in part and denied in part.

First, cell phones (including iPhones). Both BSC and Plaintiff request permission to bring cell phones into the Courtroom. (*See* Docs. 192, 194.) The Court will permit the parties to bring the listed cellphones into the Courthouse.[1] But the

---

[1] Counsel are advised they may need to present a copy of this Order to the Courthouse Security Officers at the Courthouse entrance. For a list of personal electronic devices permitted to be brought into the Courthouse, *see infra* note 2.

parties may not have cellphones in their possession while in the Courtroom. All cell phones must be put into silent mode or turned off, and given to Courtroom Deputy Bianca Acevedo upon entering the Courtroom. Ms. Acevedo will keep all cell phones in her custody while counsel and their staff are in the Courtroom.

Next, laptops, iPads, and computer accessories.[2] The parties will be permitted to bring the requested laptops and iPads into the Courthouse and Courtroom.[3] Additional, for BSC: Molly Gulbrandson will also be permitted to bring in 2 Mi-Fis and Marco Heim is permitted to bring in the requested computer accessories—a monitor switching device, external hard-drive, power cords, cables, power strip, and printer. (*See* Doc. 192, p. 2.) For Plaintiff: Stephen Manno is permitted to bring in a Verizon WiFi Hot Spot, one Matrix VGA Switcher, one printer, two remote controls, one portable hard drive, two computer mice, one keyboard, two hand carts, one pair of headphones, one pair of wireless earbuds, wires, gaffer tape, cords, and power strips. Plaintiff's request for Mr. Manno to bring a webcam is ***denied***. The Court notes no printing is permitted while the Court

---

[2] The Court grants the parties' requests to bring in mobile hot spots, but advises the parties the Courtroom is equipped with Wi-Fi. Ms. Acevedo can provide login information upon request.

[3] The following individuals may each bring in one cell phone and one laptop into the Courthouse, with proper photo identification: Bryan Hofeld; Jeffrey Haberman; Sarah Schultz; Cara Sillato; Akera Brown; Stephen Manno (may bring in two laptops and three tablets, too); Eileen M. Hunter (may bring in two cell phones and one tablet, too); Meagan Thwaites; Dan Gerhan; Amy Fiterman; James Hood (may also bring in an iPad); Tess Godhardt; Anthony Finnell; Molly Gulbrandson; Beth Woychek; Steve Patterson; Max Rubenstein; and Marco Heim (may bring in two laptops).

is in session, all cameras on phones, tablets, and computers must remain off (and covered, if equipped with a cover) at all times while in the Courthouse, and headphones and earbuds may not be worn while in the Courtroom.

Finally, the presentation equipment. Plaintiff requests permission to bring in an Elmo Document Camera; four 14-inch monitors; one 32-inch monitor; one Epson Projector; one projection screen; one audio speaker; two laser pointers; and one USB microphone. The Courtroom and Courthouse are already equipped with presentation and audio equipment that will likely satisfy Plaintiff's requirements. So at this time the Court will deny these requests without prejudice. If, after becoming familiar with the Courthouse's available technology, Plaintiff still believes some or all of this equipment is necessary, Plaintiff may file a renewed motion, explaining the need for this equipment in light of what is already available. The renewed motion must be filed by **Thursday, May 13, 2021.**

It is **ORDERED AND ADJUDGED**:

1. Defendant Boston Scientific's Unopposed Motion to Bring Electronic Devices Into the Courtroom at Trial (Doc. 192) is **GRANTED IN PART AND DENIED IN PART**, consistent with the dictates of this Order.

2. Plaintiff's Unopposed Motion to Allow Electronic Equipment in

Courtroom for Use at Trial (Doc. 194) is **GRANTED IN PART AND DENIED IN PART**, consistent with the dictates of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 28, 2021.

ROY B. DALTON JR.
United States District Judge