UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAEANN BAYLESS,

    Plaintiff,

v.   Case No.: 6:20-cv-00831-RBD-GJK

BOSTON SCIENTIFIC CORP.
and COLOPLAST CORP.,

    Defendants.
_____/

## JOINT FINAL PRETRIAL STATEMENT

Pursuant to the Court's Amended Case Management and Scheduling Order (Doc. No. 185) and Local Rule 3.06(b), Plaintiff Raeann Bayless ("Plaintiff"), Defendant Boston Scientific Corporation ("Boston Scientific"), and Defendant Coloplast Corp. ("Coloplast") (collectively, "the Parties"), file this Joint Final Pretrial Statement.

### I.   Basis for the Court's Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### II.   A Concise Statement of the Action

This is a products liability case wherein the Plaintiff, Ms. Bayless, seeks compensatory and punitive damages for personal injuries sustained after being implanted with Boston Scientific's Advantage Fit Transvaginal Mid-Urethral Sling

System and Coloplast's Restorelle Y surgical mesh implant. Ms. Bayless contends both mesh implants were defectively designed, lacked adequate warnings, and that the defects were a cause of her injuries and damages. She further contends that the Defendants acted negligently. Defendants, Boston Scientific and Coloplast, deny all of Plaintiff's allegations.

Ms. Bayless had surgery on August 9, 2013 performed by Dr. Kathy Jones. The surgery consisted of a robotic-assisted total laparoscopic hysterectomy, placement of a retropubic mid-urethral sling to treat stress urinary incontinence ("SUI"), an abdominal sacral colpopexy to treat pelvic organ prolapse ("POP"), and a cystoscopy. The treatment for SUI included using Boston Scientific's Advantage Fit sling. The treatment for POP included using Coloplast's Restorelle Y.

### III. Brief Summaries of Each Party's Case

#### a. Plaintiff's Case

The Defendants manufacture and sell polypropylene mesh devices to treat certain pelvic floor conditions in women. Boston Scientific sells the Advantage Fit sling, used to treat the condition of stress urinary incontinence ("SUI"). Coloplast sells the Restorelle Y, used to treat the condition of pelvic organ prolapse ("POP"). SUI occurs when there is an involuntary loss of urine during everyday activities such as coughing, sneezing, or exercising, whereas POP occurs when the pelvic floor muscles in a woman's body become weak and organs begin to push into the vagina.

The material that makes up these mesh implants—polypropylene—is not

indicated for human implantation. Its recommended uses include carpet backing and rope. The material is biologically incompatible with human tissue and promotes a negative immune response in a large portion of the women treated with it. Polypropylene creates a non-anatomic condition in the pelvis region, leading to chronic pain and other disabilities, including erosion, contraction, infection, fistula formation, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), chronic nerve damage, and other debilitating complications. Many of these conditions can be permanent, lifelong, and untreatable even with surgical intervention. What's more, neither Boston Scientific nor Coloplast conducted safety tests or clinical trials on the Advantage Fit or Restorelle Y to determine the risks and lasting complications patients could suffer as a result of these mesh products.

On August 9, 2013, Plaintiff Raeann Bayless was in implanted with Boston Scientific's Advantage Fit sling (to treat her SUI) and Coloplast's Restorelle Y (to treat her POP). Not long after surgery, Plaintiff began to experience pelvic and abdominal pain, painful intercourse, and vaginal bleeding. Since 2015, Plaintiff has been diagnosed by several physicians with mesh erosion and exposure of the mesh into her vagina. Moreover, it has been recommended that Ms. Bayless have the mesh removed as soon as possible.

### b. Defendant Boston Scientific's Case

Plaintiff suffered from multiple pelvic conditions leading up to her pelvic floor reconstructive surgery, including a uterine prolapse, a cystocele, and stress urinary incontinence. On August 9, 2013, Plaintiff's treating physician, Dr. Kathy Jones,

3

performed surgery on the Plaintiff which included a robotic-assisted total laparoscopic hysterectomy, an abdominal sacral colpopexy using the Coloplast Restorelle Y surgical mesh implant (to treat her pelvic organ prolapse), and placement of the Boston Scientific Advantage Fit (to treat her SUI).

Boston Scientific sold the Advantage Fit, which is an FDA-cleared, prescription-only medical device. Defendant Boston Scientific denies that the Advantage Fit used in Ms. Bayless' surgery was defective; denies that Boston Scientific failed to provide adequate warnings to Ms. Bayless' surgeon, Dr. Jones; and denies that a defect in the Advantage Fit or Boston Scientific's warnings caused Ms. Bayless' alleged injuries. Boston Scientific further disputes Plaintiff's summary of the case set forth above, the vast majority of which is either inaccurate or inapplicable, or both.

### c. Defendant Coloplast's Case

Plaintiff suffered from multiple pelvic conditions leading up to her pelvic floor reconstructive surgery, including a uterine prolapse, a cystocele, and stress urinary incontinence. Plaintiff claims to have suffered injuries after having pelvic floor reconstructive surgery on August 9, 2013 to correct her stress urinary incontinence ("SUI") and her pelvic organ prolapse ("POP"). SUI means that she was involuntarily leaking urine. In this case, POP means that Ms. Bayless' bladder and uterus had dropped down into her vagina. Plaintiff's physician, Dr. Jones, implanted two products during the procedure: the Boston Scientific Advantage Fit mesh sling to treat Plaintiff's SUI, and the Coloplast Restorelle Y surgical mesh implant to treat Plaintiff's

4

POP. As to Restorelle Y, Plaintiff sole allegation is that it degraded after Ms. Bayless's implant surgery and caused certain ailments.

Coloplast sold the Restorelle Y mesh, which is an FDA-cleared, prescription-only medical device. As Coloplast's expert evidence will demonstrate, Restorelle Y is biocompatible and suitable for permanent implantation into humans. It is made from knitted, monofilament polypropylene, which has been found to be safe and effective to treat POP and has been successfully used in implants in the female pelvic floor as well as other parts of the body. Plaintiff alleges that Restorelle Y was defective in design and warnings, thereby causing her alleged injuries.

Coloplast denies those allegations. Restorelle Y is not defective and Coloplast adequately warned Dr. Jones. Moreover, no evidence exists that Ms. Bayless' Restorelle Y implant degraded and no alleged defect or failure to warn caused Plaintiff's claimed injuries. Coloplast further disputes Plaintiff's summary of the case set forth above, the vast majority of which is either inaccurate or inapplicable, or both.

### IV. Joint Exhibit List of Stipulated and Unopposed Exhibits and Individual Party Exhibit Lists of Opposed Exhibits

At their counsel meeting, the parties agreed to review their existing exhibit lists and exhibits that they exchanged pursuant to their prior agreement and the Court's orders (Docs. 98, 201, and 202) and refine the exhibits identified on those lists into narrowed or culled exhibit lists to identify the exhibits that each party is most likely to use at trial (without waiving the right to use an exhibit identified in their original exchanges of exhibit lists and exhibits).

1. Joint Exhibit List attached as Exhibit 1.

2. Plaintiff's Exhibit List and Narrowed Exhibit List attached as Exhibit 2.

    3. Boston Scientific's Exhibit List and Narrowed Exhibit List attached as Exhibit 3.

    4. Coloplast's Exhibit List and Narrowed Exhibit List attached as Exhibit 4.

### V. Individual Party Witness Lists A and B and Expert Witness Lists

    1. Plaintiff's Witness Lists attached as Exhibit 5.

    2. Boston Scientific's Witness Lists attached as Exhibit 6.

    3. Coloplast's Witness Lists attached as Exhibit 7.

### VI. A Breakdown of the Type and Amount of Monetary Damages

**Plaintiff:** Plaintiff seeks $111,861.29 in past medical expenses. Plaintiff seeks future medical expenses, noneconomic damages for mental and physical pain and suffering, physical impairment, disfigurement, mental anguish, inconvenience, permanent physical injury, and loss of the capacity for the enjoyment of life suffered in the past and to be sustained in the future and punitive damages in an amount to be determined by the jury at trial based on the evidence presented.

**Defendants:** Defendants deny that Plaintiff is entitled to any of the damages set forth above. Defendants further object to the admission into evidence of the amount of past medical expenses listed by Plaintiff above.

### VII. Deposition Designations and Color-Coded Transcripts[1]

    1. Plaintiff's Deposition Designations specific to Boston Scientific attached as Exhibit 8a.

---

[1] Due to the size of the color-coded transcripts, as well as the existence of Confidential and Highly Confidential information contained therein, the parties have filed the page/line designations as exhibits to the Joint Pretrial Stipulation and will submit the color-coded transcripts to the Court via email along with the other material required under section V.D. of the Case Management and Scheduling Order (Doc. 98). The parties are conferring and attempting to reach an agreement on this confidential information. In the interim and to avoid any inconvenience to the Court, the parties will submit the deposition transcript directly to the Court by hard copy if the Court prefers.

    2. Plaintiff's Deposition Designations specific to Coloplast attached as Exhibit 8b.

    3. Boston Scientific's Deposition Designations attached as Exhibit 9.

    4. Coloplast's Deposition Designations attached as Exhibit 10.

## VIII. Jury Instructions and Verdict Form

    1. Joint Set of Jury Instructions attached as Exhibit 11.

    2. Plaintiff's proposed Verdict Form attached as Exhibit 12.

    3. Defendants' proposed Verdict Form as Exhibit 13.

## IX. Proposed Voir Dire

The parties jointly propose the juror questionnaire for use at the trial, attached as Exhibit 14. To the extent this Court does not utilize the questions included in the juror questionnaire, the parties request that the questions be asked of jurors during voir dire. The parties propose additional questions for the Court to ask, and will present those questions at the pretrial conference.

## X. Concise Statement of Agreed Facts

    1. On August 9, 2013, Dr. Kathy Jones performed surgery on Plaintiff that included a robotic-assisted total laparoscopic hysterectomy, placement of a mid-urethral sling for treatment of SUI using Boston Scientific's Advantage Fit, an abdominal sacral colpopexy for POP repair using Coloplast's Restorelle Y, and a cystoscopy.

    2. Plaintiff was a 48-year-old Florida resident at the time of her surgery.

    3. Boston Scientific sold the Advantage Fit used in Plaintiff's surgery.

4. Advantage Fit is a prescription-only mid-urethral sling indicated to treat SUI.

5. Coloplast Corp. sold the Restorelle Y implant used in Plaintiff's surgery.

6. Restorelle Y is a prescription-only polypropylene surgical mesh implant indicated for POP repair.

**XI. Concise Statement of Disputed Facts**

**Defendants' Positions:**

1. Whether the Advantage Fit and Restorelle Y are FDA-cleared implants.

2. Whether Plaintiff is able to meet her burden of proving, by a preponderance of the evidence, that the Advantage Fit was defective in its design.

3. Whether Plaintiff is able to meet her burden of proving, by a preponderance of the evidence, that Dr. Kathy Jones was not adequately warned of the risks associated with the Advantage Fit.

4. Whether Plaintiff is able to meet her burden of proving, by a preponderance of the evidence, that a defect in the design or warnings of the Advantage Fit proximately caused her claimed damages.

5. Whether Plaintiff is able to meet her burden of proving, by a preponderance of the evidence, the nature and extent of the damages, if any, sustained by Plaintiff and proximately caused by the Advantage Fit.

6. Whether Plaintiff is able to meet her burden of proving, by clear and convincing evidence, entitlement to and the nature and amount, if any, of punitive damages relating to Boston Scientific and the Advantage Fit.

7. Whether Plaintiff is able to meet her burden of proving that the Restorelle Y was defective in design or failure to warn.

8. Whether Plaintiff is able to meet her burden of proving that a defect in design or failure to warn in the Restorelle Y proximately caused her claimed damages.

9. Whether Plaintiff is able to meet her burden of proving the nature and extent of the damages, if any, sustained by Plaintiff and proximately caused by the Restorelle Y.

10. Whether Plaintiff is able to meet her burden of proving punitive damages relating to the Restorelle Y.

**Plaintiff's Position:**

- Whether the Advantage Fit and Restorelle Y were defective in design.

- Whether the Advantage Fit and Restorelle Y were defective because they lacked adequate warnings as to any of the following risks and/or complications, including but not limited to:

    a. That the polypropylene mesh degrades.

    b. That used was more rigid and aggressive to tissues.

    c. That there had been no pre-market implantation testing of the Advantage Fit and Restorelle Y.

    d. That the mesh shrinks and contracts *in vivo*.

    e. That the properties of the mesh were such that scarplate formation occurs.

    f. That the mesh pore size would not allow for proper tissue integration.

    g. That the elasticity percentage at strain of the mesh had not been defined pre-market.

    h. As to inadequate pre-market testing as to the mating of the properties of the mesh to the natural properties of the female pelvis.

    i. As to deformation of the product and its pore size once the product

9

      was under stress.

    j. As to the blind passage of the Advantage Fit and Restorelle Y systems implantation approach causing tissue and nerve damage.

    k. As to the absence of pre-market randomized control trials.

    l. That Defendants failed to conduct randomized control trials.

    m. That Defendants had information regarding the rate of complications associated with the use of transvaginal mesh devices similar to the Advantage Fit and Restorelle Y and never advised doctors of the same.

    n. As to the difficulty and removal of the mesh system once implanted.

    o. The permanency of the complications caused by the mesh.

    p. That Defendants' polypropylene was made from material unsuitable for permanent human implantation.

- Whether Boston Scientific and Coloplast were negligent.
- Whether Boston Scientific and Coloplast breached their duty of care by failing to do that which an ordinarily prudent manufacturer would do or not do in designing the Advantage Fit and Restorelle Y.
- Whether Boston Scientific and Coloplast breached their duty of care by failing to warn of the risk of the type of harm that occurred.
- Whether any of the above caused or substantially contributed to causing Plaintiff's damages; and if so, what amounts to award Plaintiff as damages?
- Were the actions of the Defendants such as to entitled Plaintiff to an award of punitive damages; and if so, what amount to award as punitive damages?

## XII. Concise Statement of Agreed Principles of Law

1. Florida substantive law applies.

2. Subject-matter jurisdiction exists in this Court under 28 U.S.C. § 1332(a).

3. Venue is proper in this Court.

### XIII. Concise Statement of Disputed Issues of Law

**<u>Defendants' Positions:</u>**

1. Whether the Advantage Fit was defective in its design.

2. Whether Dr. Kathy Jones was not adequately warned of the risks associated with the Advantage Fit.

3. Whether a defect in the design or warnings of the Advantage Fit proximately caused Plaintiff's claimed damages.

4. The nature and extent of the damages, if any, sustained by Plaintiff that were proximately caused by the Advantage Fit.

5. Whether Plaintiff is entitled to punitive damages relating to Boston Scientific and the Advantage Fit, and if so, the nature and amount, if any.

6. Whether the Restorelle Y was defective in design or failure to warn.

7. Whether a defect in design or failure to warn in the Restorelle Y proximately caused any of Plaintiff's claimed damages.

8. The nature and the extent of the damages, if any, sustained by Plaintiff that the Restorelle Y proximately caused.

9. Whether Plaintiff is entitled to punitive damages against Coloplast regarding the Restorelle Y.

10. Whether the Court will permit the attorneys to give "interim statements" to the jury in addition to opening statements and closing arguments

11. Whether the state of the scientific knowledge as of the manufacture dates of the defendants' respective products is an element of plaintiff's claims on which she bears the burden of proof or an affirmative defense on which the defendants bear the burden of proof.

11

12. Whether evidence of FDA clearance of the defendants' products, the defendants' compliance with FDA regulations, and the defendants' communications with FDA concerning their products is relevant and admissible with respect to the issues of (1) whether defendants' products were defective, (2) whether defendants failed to exercise reasonable care, and (3) whether defendants acted with "gross negligence" or "intentional misconduct" as it relates to the Plaintiff.

13. Whether concurring cause is an issue in this action.

14. Whether the evidence that Plaintiff failed to mitigate her damages is sufficient to take that issue to the jury.

15. Whether the jury may impose punitive damages on defendants based on alleged harms to persons other than Plaintiff.

16. Whether the jury may impose punitive damages on defendants based on conduct that complied with federal or state law, or was authorized by federal or state law, or was otherwise lawful where it occurred.

**Plaintiff's Position:**

Other than those disputed issues identified in the outstanding motions *in limine* and proposed joint jury instructions, none.

## XIV. A List of Each Pending Motion or Other Unresolved Issue

1. Plaintiff's Motion in Limine (Doc. 193).

2. Boston Scientific's Motion in Limine (Doc. 191).

3. Coloplast's Motion in Limine (Doc. 195).

4. Coloplast's Unopposed Motion to Permit Electronic Equipment (Doc. 215).

5. Plaintiff's Unopposed Motion to Substitute Redacted Documents (Doc. 217).

## XV. A Statement of the Usefulness of Further Settlement Discussions

Boston Scientific and Coloplast welcome any settlement discussion that makes a meaningful and reasonable attempt to resolve this matter, including referral to U.S. Magistrate Judge Leslie Hoffman for an in-person settlement conference. The mediation conducted in this matter occurred before the Court's rulings on the parties' *Daubert* and dispositive motions, and was conducted remotely. Moreover, Judge Hoffman conducted a settlement conference in another case involving pelvic mesh.

Plaintiff opposes the request for a settlement conference.

## XVI. The Anticipated Length of Trial Based on the Issues Remaining at the Conclusion of the Pretrial Meeting

The Parties estimate that trial will require 14 court days.

## XVII. Additional Matters

1. All parties agree that, during trial, each party will disclose witnesses to be called in trial 24 hours in advance.

2. Boston Scientific and Coloplast propose that exhibits to be used on direct examination are disclosed by 7 P.M. the night before, to facilitate efficient resolution of any objections with the parties and Court before the trial day begins. Plaintiff opposes this proposal.

3. All parties agree that, during trial, each party should be required to finalize any video deposition excerpts that will be presented at least 24 hours before they are played for the jury to allow sufficient time for resolution of needed objections, video edits, and final proofing.

4. Demonstrative Objections: Many of the demonstrative slides Plaintiff seeks to publish to the jury are objectionable and improper. Attached as Exhibit 15 is a listing of Defendants' general and specific objections to Plaintiff's proposed demonstratives. Both Defendants adopt and incorporate by reference the objections raised by the other Defendant.

    Plaintiff objects to many of Coloplast's proposed demonstrative exhibits because they violate the Court's ruling on FDA evidence (Slide 22, 40, 44, 45) or they are improper under FRE 401 and 403 (Slide 68, 70, 71, 95, 96, 98, 103).

## LOCAL RULE 3.06(b)(15) PRETRIAL STATEMENT CERTIFICATION

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

| | |
|---|---|
| /s/ *Jeffrey L. Haberman* | /s/ *David Walz* |
| Jeffrey L. Haberman | Edward W. Gerecke |
| Florida Bar Number 98522 | Florida Bar Number 328332 |
| SCHLESINGER LAW OFFICES, P.A. | David J. Walz |
| 1212 S.E. 3rd Ave. | Florida Bar Number 697273 |
| Fort Lauderdale, FL 33316 | Caycee D. Hampton |
| (954) 320-9507 (phone) | Florida Bar Number 0100922 |
| (954) 320-9509 (fax) | CARLTON FIELDS, P.A. |
| jhaberman@schlesingerlaw.com | Corporate Center Three at International Plaza |
| | 4221 W. Boy Scout Blvd., 10th Floor (33607) |
| *Attorney for Plaintiff Raeann Bayless* | P.O. Box 3239 |
| | Tampa, Florida 33601 |
| | Telephone: (813) 223-7000 |
| | Fax: (813) 229-4133 |
| | Email: egerecke@carltonfields.com |
| | dwalz@carltonfields.com |
| | champton@carltonfields.com |
| | |
| | Johanna W. Clark |
| | Florida Bar Number 196400 |
| | CARLTON FIELDS, P.A. |
| | 200 S. Orange Ave., Suite 1000 |
| | Orlando, FL 32801-3400 |
| | Telephone: (407) 849-0300 |
| | Facsimile: (407) 648-9099 |
| | Email: jclark@carltonfields.com |
| | |
| | and |
| | |
| | W. Ray Persons |
| | Florida Bar Number 101747 |

14

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  (404) 572-4600
Fax:  (404) 572-5100
Email: rpersons@kslaw.com

*Attorneys for Defendant Coloplast Corp.*


/s/  *Traci McKee*
Molly H. Craig, *pro have vice*
HOOD LAW FIRM, LLC
172 Meeting Street
Charleston, SC 29401
Phone: 813-577-1215
Email: molly.craig@hoodlaw.com

Jessica Benson Cox, *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Phone: 317-237-1234
Email: jessica.cox@faegredrinker.com

Traci T. McKee, Florida Bar No. 53088
FAEGRE DRINKER BIDDLE & REATH LLP
1050 K Street NW, Suite 400
Washington, DC 20001
Phone: 317-312-7028
Email: traci.mckee@faegredrinker.com

*Attorneys for Defendant Boston Scientific Corp.*

15