**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAEANN BAYLESS,**

    **Plaintiff,**

**v.**                                            **Case No.   6:20-cv-831-RBD-GJK**

**BOSTON SCIENTIFIC**
**CORPORATION and COLOPLAST**
**CORP.,**

    **Defendants.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **DEFENDANT COLOPLAST CORP.'S UNOPPOSED MOTION FOR LIMITED REDACTION OF TRIAL TRANSCRIPTS AND EXHIBITS OR ALTERNATIVE MOTION FOR LEAVE TO FILE CONFIDENTIAL TERMS UNDER SEAL (Doc. No. 337)**
>
> **FILED:**     July 1, 2021
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

I.  **BACKGROUND.**

On February 5, 2016, Plaintiff Raeann Bayless filed a Complaint against Defendants Boston Scientific Corporation ("Boston Scientific") and Coloplast Corporation ("Coloplast") in this Court related to a multi-district litigation ("MDL") proceeding: *In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation MDL No. 2326*.  Doc. No. 1.  The Complaint was for product liability related to a transvaginal mesh implanted in Bayless to treat stress urinary incontinence and pelvic organ prolapse.  Doc. Nos. 1; 112 at 1.  On May 13, 2020, this case was transferred back to this Court from the Southern District of West Virginia.  Doc. No. 70.

On May 27, 2021, a jury trial began, culminating with a jury verdict on June 15, 2021.  Doc. Nos. 236, 311.  Multiple volumes of transcripts of the trial have been filed by the Official Court Reporter.  *See, e.g.*, Doc. Nos. 250, 292.  On July 1, 2021, Coloplast filed an Unopposed Motion for Limited Redaction of Trial Transcripts and Exhibits (the "Motion").  Doc. No. 337.  Coloplast seeks to redact certain confidential terms to protect competitively sensitive, trade-secret information, including the names of Coloplast's suppliers and materials.  *Id.*  Coloplast provides a log of the confidential terms in both the trial transcripts and exhibits, the Declaration of James Schumer, Vice President of Operations, Americas for Coloplast, and copies of the relevant exhibits with the proffered

redactions. Doc. Nos. 337-1, 337-2, 337-3. The Motion is unopposed. Doc. No. 337 at 10.

## II. APPLICABLE LAW.

### A. Local Rule 1.11.

Local Rule 1.11(c) governs the filing of documents under seal with the Court. Specifically, Local Rule 1.11(c) governs situations where the requested seal is not authorized by "statute, rule, or order," and states that a motion must: 1) include Motion for Leave to File Under Seal in the title; 2) describe the item proposed for sealing; 3) state the reason filing the item is necessary and that partial sealing or redaction or means other than sealing are unavailable or unsatisfactory; 4) propose a duration for the seal; 5) state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; 6) include a legal memorandum supporting the seal. No seal under this rule may extend beyond ninety days after a case is closed and all appeals exhausted. Local Rule 1.11(f).

### B. The Eleventh Circuit's Standard for Filing Records Under Seal.

In addition to Local Rule 1.11, the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law right of access "is instrumental in

securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is not absolute, and, where it does apply, it "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit held:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* While a party's privacy or proprietary interest in information may outweigh the public's common law right of access, parties do not have the right to agree on what judicial records should be sealed. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985).  The Court "must keep in mind the rights of a third party– the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'" *Id*. (quoting *Newman v.*

*Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)). "In civil litigation, only trade secrets, information covered by a recognized privilege . . . , and information required by statute to be maintained in confidence . . . is typically enough to overcome the presumption of access." *Nephron Pharms. Corp. v. Hulsey*, 2020 U.S. Dist. LEXIS 254, at *8-9 (M.D. Fla. May 28, 2020) (quoting *In re: Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000, 2016 WL 7026339, at *3 (N.D. Ala. Oct. 18, 2016)).

### III.  ANALYSIS.

After reviewing the Motion, the Court finds that Coloplast demonstrates good cause for redacting the trial transcripts and exhibits.  Allowing access to this information would not impair court functions, but it would harm Coloplast's legitimate privacy interests by exposing its confidential information and trade secrets to the public.  The information does not concern public officials.  There is no less onerous alternative to redacting the documents.  Thus, after balancing the public interest in accessing court documents with Coloplast's interest in keeping the information confidential, the Court finds that Coloplast's request to redact certain confidential terms from these documents is well-taken.  *See Romero*, 480 F.3d at 1246.

- 6 -

## IV.    CONCLUSION.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 337) is **GRANTED.** The duration of the redaction shall extend to ninety days after the case is closed and all appeals have been exhausted.

**DONE** in Orlando, Florida, on July 6, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties