UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAEANN BAYLESS,

    Plaintiff,

v.     Case No.: 6:20-cv-00831-RBD-GJK

BOSTON SCIENTIFIC CORP.
and COLOPLAST CORP.,

    Defendants.
_____/

**DEFENDANT COLOPLAST CORP.'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS**

Defendant Coloplast Corp. ("Coloplast") hereby submits its Response in Opposition to Plaintiff's Bill of Costs. For the reasons explained below, Coloplast respectfully requests that the Court disallow Plaintiff's Bill of Costs as to each category of expenses enumerated in this Response.

**INTRODUCTION**

On July 6, 2021, Plaintiff submitted a standard-form Bill of Costs listing various categories of expenses that she seeks to recover under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (Doc. 339.) Along with her Bill of Costs, Plaintiff also filed a so-called itemization of some of her alleged costs and two exhibits purporting to provide documentation of her expenses. (Doc. 339-1–3.) In total, Plaintiff seeks to recover $125,532.66.

Coloplast respectfully requests that the Court deny Plaintiff recovery for the categories of expenses enumerated below. As an initial matter, Plaintiff's Bill of Costs is woefully deficient. Contrary to well-established law, Plaintiff has failed to set forth her costs with particularity, instead offering only vague descriptions and inscrutable, incomplete documentation. Denial of the costs detailed below is appropriate for two further reasons. First, in addition to its lack of particularity, the Bill of Costs seeks numerous costs that are categorically unrecoverable. For example, Plaintiff seeks to recover costs incurred for attorney travel and "entertainment" during trial, despite case law holding that such expenses are not taxable.

Second, even for some categories of costs that are *generally* recoverable, Plaintiff has failed to provide documentation to show that *her* expenses were reasonably necessary. To the contrary, Plaintiff attempts to recover exorbitant costs for such vague items as "miscellaneous travel expenses." In fact, Plaintiff directly contravenes statutory limits on travel expenses and witness fees.

As explained in greater detail below, Plaintiff's Bill of Costs should be reduced only to those costs that are statutorily recoverable and for which Plaintiff has provided adequate documentation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party[1] in a civil lawsuit may recover certain "relatively minor, incidental expenses" incurred in

---

[1] Pursuant to the jury's verdict, Plaintiff is currently the prevailing party in this case, but Coloplast plans to appeal. Should Coloplast prevail on appeal, Plaintiff's status as the prevailing party will

the case. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). An exclusive list of taxable costs is set forth in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the Court has discretion to award any of the costs enumerated in § 1920, it may tax only those items listed in the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *see Maris Distrib. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Any other cost is non-recoverable. *Taniguchi*, 566 U.S. at 572 (quoting *Crawford Fitting*, 482 U.S. at 442) ("[W]e have made clear that the 'discretion granted by Rule 54(d) is not a power to evade' the specific categories of costs set forth by Congress.").

In general, "the losing party bears the burden of demonstrating that a cost is not taxable." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). However, if "the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party," then the prevailing party must produce evidence

---

change. Accordingly, Coloplast hereby preserves, and does not waive, its objection to the entire Bill of Costs.

sufficient to show that its requested cost is taxable under § 1920. *Id.* This District has similarly instructed that a party seeking costs should "file a verified bill of costs with the Clerk" that "set[s] forth with particularity those costs it seeks" and "attach an itemization and documentation for all requested costs." *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-cv-1850-T-30CPT, 2018 WL 3614803, at *6 (M.D. Fla. July 12, 2018).

## ARGUMENT

Coloplast respectfully requests that the Court disallow the following expenses as statutorily untaxable, insufficiently documented, or both.

*1. Lodging for Trial*

Plaintiff seeks an astounding $49,437.54 for "Hotel/Lodging – Trial." (Doc. 339-1 at 1.) Plaintiff's only documentation for this request consists of line items on expense reports from Schlesinger Law Offices, P.A. ("Schlesinger Expense Reports") with no detail other than the label "Lodging exp during trial" (Doc. 339-2 at 14 ($16,728.73), 16 ($14,866.53), 19 ($16,835.16)), totaling $48,430.42, and a separate, single hotel receipt for Dr. Jimmy Mays, one of Plaintiff's expert witnesses. (*Id.* at 48.)

Plaintiff's requested lodging costs should be disallowed in full because she has failed to provide any information about the persons incurring such expenses, or why the required lodging was necessary for the time of the stay. Further, to the extent Plaintiff seeks reimbursement of attorney lodging costs, such costs are categorically nontaxable. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002); *see also Pushko v. Klebener*, No. 3:05–CV–00211–J–25HTS, 2009 WL

4

9988121, at *4 (M.D. Fla. Dec. 8, 2009) ("Attorney's travel and lodging expenses are not taxable as costs because they are not enumerated in Section 1920.").

To the extent Plaintiff seeks payment for her witnesses' lodging, her request is both inadequately documented and unauthorized by law. By statute, witnesses "shall be paid in an amount not to exceed the maximum per diem allowance" set by the General Services Administration—in this case, $129.00 for lodging and $66.00 for meals and incidentals.[2] 28 U.S.C. § 1821(d); *see Peeler v. KVH Indus., Inc.*, No. 8:12–cv–1584–T–33TGW, 2014 WL 12617558, at *6 (M.D. Fla. June 16, 2014) ("[A] witness is entitled to a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight."). Thus, any witness expenses above the federal per diem rate are nontaxable. *See Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-31DAB, *et al.*, 2007 WL 601921, at *5 (M.D. Fla. Feb. 21, 2007).

Plaintiff presented two expert witnesses at trial: Dr. Jimmy Mays and Dr. Bruce Rosenzweig. Dr. Rosenzweig testified over the course of two days and Dr. Mays testified for one. Plaintiff's request of $1,007.12 for Dr. Mays's hotel stay far exceeds the allowable per diem rate. (Doc. 339-2 at 48.) First, the hotel receipt lists that Dr. Mays stayed for three nights; because he testified for one day, his lodging expenses should be capped at one night at $129.00, the daily per diem rate. Second, Dr. Mays's meals and incidentals are far beyond the allowable $66.00 per day. For example, the

---

[2] *See* https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=FL&fiscal_year=2021&zip=&city=Orlando.

hotel receipt lists in-room dining charges of nearly $700.00.[3] Moreover, Plaintiff offers no evidence whatsoever of Dr. Rosenzweig's travel expenses. Regardless, because Dr. Rosenzweig testified for two days, his recoverable expenses must be capped at two days' per diem.

*2. Other Travel Expenses Related to Trial*

Plaintiff seeks $4,650.62 in "miscellaneous travel expenses" such as "food/water" for trial, along with $114.57 for "Parking – Trial," $277.61 for "Gas – Trial," and $827.56 for "Car rental/service – Trial." (Doc. 339-1 at 1.) These expenses are not recoverable under § 1920, "which does not contemplate travel expenses in its list of recoverable expenses." *Kemberling v. MetLife Life & Ann. Co. of Conn.*, No. 8:06-cv-1741-T-23MAP, 2008 WL 2609402, at *2 n.2 (M.D. Fla. June 30, 2008); *see DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 240 (N.D. Ga. 1993).

Moreover, Plaintiff provides no information whatsoever about these requested travel expenses. She has submitted redacted Schlesinger Expense Reports with vague line items like "travel expenses" or "Meals and ent[ertainment]"; there is no indication of who was traveling, for what purpose, when, or whether such travel was necessary for the case. Without such information, neither Coloplast nor the Court can judge the appropriateness of Plaintiff's request, which should thereby be denied. *See Kearney*

---

[3] It appears that someone made a handwritten notation on Dr. Mays's hotel receipt indicating that Plaintiff seeks only half of Dr. Mays's meal expenses, and does not seek recovery of the "pet fee." Regardless, half of the nearly $700 charged for in-room dining would far exceed Dr. Mays's per diem allowance.

6

*Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-cv-1850-T-30CPT, 2018 WL 3614803, at *6 (M.D. Fla. July 12, 2018).

*3. Deposition Travel Expenses*

Plaintiff also seeks $1,051.40 in deposition travel expenses from 2018. (Doc. 339-1 at 1.) Plaintiff does not specify which deposition(s) these expenses relate to, or for whose travel, nor does she provide any documentation of their necessity or reasonableness. Regardless, as noted above, attorney travel expenses are not taxable. *See Kemberling*, 2008 WL 2609402, at *1. This cost must therefore be disallowed.

*4. Transcripts*

Although the prevailing party is typically entitled to recover the costs of transcripts, Plaintiff's request for $9,530.26 in transcript costs is excessive and unsupported. (Doc. 339 at 1.) First, Plaintiff has not provided any breakdown explaining what she seeks to recover or for what transcripts. Where a party seeks recovery of deposition transcript costs, she must provide "information from which the Court can determine whether the . . . costs . . . relate to deposition transcripts which were necessarily obtained for use in th[e] action." *Flores v. Park W. Parking LLC*, 2008 WL 11409098, at *24 (S.D. Fla. Feb. 1, 2008) (internal citations omitted). Plaintiff offers no such evidence. Instead, without comment or explanation, she has simply included invoices for some deposition transcripts as part of her exhibits. Because the Court has no way of knowing whether these deposition transcripts were necessarily obtained for trial, the combined $2,326.18 she seeks should be disallowed.

Second, Plaintiff seeks recovery of more than $2,000.00 for expedited and overnighted transcripts. (Doc. 339-2 at 31–33.) However, "fees for expedited transcripts are not reimbursable under § 1920." *WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, No. 8:07-CV-2093-JDW-MAP, 2010 WL 11508234, at *2 (M.D. Fla. Feb. 10, 2010). Because Plaintiff has not itemized these expenses to indicate what portion of the overall cost was attributable to expediting fees, the Court should follow its precedent in *Ferguson v. Bombardier Services Corp.* and deduct at least one third of the overall cost. No. 8:03–CV–539–T–31DAB, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007).

5. Copying Costs

Plaintiff seeks to tax $8,033.14 in copying costs. (Doc. 339 at 1.) Although § 1920 does authorize recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4), it is well-established that the requesting party bears the burden to show that its copying charges were necessarily incurred for use in the case. *See BVS Acquisition Co., LLC v. Brown*, No. 12-CV-80247-MIDDLEBROOKS, 2015 WL 12921971, at *5 (S.D. Fla. Aug. 5, 2015); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). Moreover, because "the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008); *see BVS Acquisition Co.*, 2015 WL 12921971, at *5 ("Failure to itemize copies

8

necessarily obtained for use in the case and those made for the mere convenience of counsel may result in denial of copying costs.") (citation omitted).

Plaintiff has provided *no* evidence regarding her requested copying costs, such as "what [documents they] related to, how many copies were made, why the copies were made, or any other information which would allow the Court to determine whether [the party] necessarily obtained the copies for use in th[e] action." *Flores v. Park W. Parking LLC*, 2008 WL 11409098, at *25 (S.D. Fla. Feb. 1, 2008) (internal citations omitted). Plaintiff provides only a redacted credit card bill with a line generically labeled "Coping [sic] services at Fedex" and two invoices suggesting that Plaintiff may have rented a copier during trial. (Doc. 339-2 at 14, 53–54.) Without any documentation of the contents, purpose, or necessity of these copies, Plaintiff fails to meet her burden and therefore cannot recover copying costs. *See BVS Acquisition Co.*, 2015 WL 12921971, at *5.

6. Witness Fees

Plaintiff's Bill of Costs lists $160.00 in fees for trial witnesses (Doc. 339 at 1), but her Itemization of Other Costs includes $1,500.00 for Dr. Joseph Stubbs's deposition fee. (Doc. 339-1 at 2.) This cost is not taxable. By statute, a witness's deposition fee is capped at $40.00 per day. 28 U.S.C. § 1821(b); *see Tiara Condo. Ass'n v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010). Accordingly, any amount over $40.00 for Dr. Stubbs's deposition must be disallowed. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("[W]e find that the district court erred in taxing as costs any amount for expert witness fees in excess of the $40.00

9

per day allowed under § 1821, and, upon remand, the district court should reduce the taxable costs accordingly.").

*7. Legal Video Services*

Plaintiff seeks $32,200.00 for fees paid to Dynamic Legal Video Services ("Dynamic"). (Doc. 339-1 at 2.) As with Plaintiff's other requested costs, documentation of the nature or necessity of Dynamic's work is scarce. For the trial period, Plaintiff provides only invoices for a "Trial Presentation daily rate" of $1,400.00—not itemizations, descriptions, or any other indication of the work performed—for each of four weeks (and a total of 23 days) that Dynamic purportedly provided unspecified services. (Doc. 339-3 at 2–5.) Not only does Plaintiff's lack of documentation make it impossible to assess the reasonableness of her requested services, but these fees are unrecoverable for at least two reasons.

First, to the extent that the Dynamic fees represent exhibit costs, they "are not taxable because there is no statutory authorization" for the prevailing party to recover them. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses . . . , federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). Second, based on the daily rate listed on Plaintiff's barebones invoices, Coloplast surmises that Plaintiff seeks reimbursement for 23 days of Dynamic's services. However, the trial lasted only 11 days. In light of this discrepancy, Coloplast can only infer that Plaintiff's request is unjustified.

Separately, Plaintiff also seeks $710.00 for Dynamic's services related to the videotaped deposition of Dr. Kathy Jones in 2018. (Doc. 339-2 at 52.) This figure is broken down into separate line items for the videographer's attendance, the video files, and video synchronization. However, video files provided to a party are non-compensable. *See Nail v. Shipp*, No. 17-00195-KD-B, 2020 WL 1670459, at *18 (S.D. Ala. Apr. 3, 2020) (holding that CD and DVD recordings of a deposition were incurred for the convenience of counsel and therefore not taxable as costs). Likewise, "video synchronization costs are not taxable under 28 U.S.C. § 1920." *Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-23585-CIV, 2020 WL 2732337, at *8 (S.D. Fla. May 26, 2020). Accordingly, Plaintiff cannot recover the $50.00 she seeks for video files nor the $175.00 she seeks for video synchronization costs.

*8. Trial Graphics & Edited Video Depositions (Legal-eze)*

Plaintiff seeks $16,063.38 for trial graphics and video deposition editing provided by Legal-eze Litigation Consulting & Graphics. (Doc. 339-1 at 1; Doc. 339-3 at 6.) These expenses are not recoverable. First, as discussed above, the costs of a party's exhibits are not taxable. *W&O, Inc.*, 213 F.3d at 623. Further, as this Court has previously found, editing of a video deposition for use at trial[4] is not compensable under § 1920. *United States ex rel. Chabot v. Nu-Way Concrete Co., Inc.*, No. 06-cv-1529, 2010 WL 11538420, at *4 (M.D. Fla. Oct. 20, 2010).

---

[4] Notably, most of the video depositions listed were not even played at trial.

*9. Expedited Service Fees*

Plaintiff's Bill of Costs includes $585.00 for service of summons and subpoenas. (Doc. 339 at 1.) Plaintiff attaches four invoices from Compass Investigations, a private process service provider, for subpoenas served on Plaintiff's medical providers. (Doc. 339-3 at 9–12.) These invoices are for, respectively, $65.00, $130.00, $260.00, and $130.00. Some unspecified portion of these amounts appears to be for "rush" fees. (*See id.* at 11–12.)

A prevailing party "may not recover private process server fees that exceed the statutory maximum" of $65.00 per hour for personal service. *Lehman Bros. Holdings, Inc. v. Hirota*, 2010 WL 3043653, at *2 (M.D. Fla. July 30, 2010); *see* 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Where a party's service fees "exceed the statutory maximum . . . , the Court shall reduce the amount that [the prevailing party] is seeking . . . so that [it] may recover no more than" the statutorily authorized figure. *Hirota*, 2010 WL 3043653, at *2. Moreover, "expedited, or rush, fees are not taxable under § 1920." *Id.* (citing *Am. Cas. Co. of Reading v. Health Care Indem., Inc.*, No. 8:07–cv–421–T–33EAJ, 2009 WL 1456429, at *1 (M.D. Fla. May 22, 2009)). Accordingly, Plaintiff's $130.00, $260.00, and $130.00 invoices should be reduced to no more than $65.00 each.

## **CONCLUSION**

For the foregoing reasons, Defendant Coloplast Corp. respectfully requests that the Court disallow Plaintiff's costs for each of the categories listed above.

Dated: July 20, 2021

12

/s/ David J. Walz
Edward W. Gerecke
Florida Bar Number 328332
David J. Walz
Florida Bar Number 697273
Caycee D. Hampton
Florida Bar Number 0100922
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., 10th Floor (33607)
P.O. Box 3239
Tampa, FL 33601
Telephone: (813) 223-7000
Fax: (813) 229-4133
Email: egerecke@carltonfields.com
       dwalz@carltonfields.com
       champton@carltonfields.com

Johanna W. Clark
Florida Bar Number 196400
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, FL 32801-3400
Telephone: (407) 849-0300
Fax: (407) 658-9099
Email: jclark@carltonfields.com

W. Ray Persons
Florida Bar Number 101747
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  (404) 572-4600
Fax: (404) 572-5100
Email: rpersons@kslaw.com

*Attorneys for Defendant Coloplast Corp.*