UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAEANN BAYLESS,

    Plaintiff,

v.                                        Case No. 6:20-cv-831-RBD-GJK

BOSTON SCIENTIFIC
CORPORATION; and COLOPLAST
CORP.,

    Defendants.
_____

## ORDER

Before the Court are:

1. Defendant Coloplast Corp.'s Renewed Motion for Judgment as a Matter of Law (Doc. 346 ("Motion"));

2. Plaintiff's Response to Defendant Coloplast's Renewed Motion for Judgment as a Matter of Law (Doc. 362); and

3. Defendant Coloplast Corp.'s Reply in Support of Its Renewed Motion for Judgment as a Matter of Law (Doc. 365).

On review, the Motion is due to be denied.

## BACKGROUND

In this MDL products liability remand, Plaintiff alleged that she suffered from vaginal injury after using Boston Scientific's Advantage Fit sling and

Coloplast's Restorelle Y mesh. (*See* Docs. 1, 110-3.)

Coloplast moved for summary judgment on causation. (Doc. 114.) The Court denied the motion, noting that Plaintiff must show the defective product was "more likely than not, a substantial factor in causing the injury"—which is an issue for the jury. (Doc. 169 ("SJ Order"), p. 12 (cleaned up).)

The case went to trial, and Coloplast moved for judgment as a matter of law. (Doc. 270; *see* Doc. 273, p. 120:21–22.) There, Coloplast reargued the causation issue determined in the SJ Order and also argued that the jury heard no evidence regarding the risks of Restorelle Y outweighing the benefits. (*See* Doc. 273, pp. 121:5–15, 122:22–123:18.) Plaintiff countered that Coloplast provided no additional evidence indicating the Court's SJ Order was wrongly decided. (*Id.* at 128:25–129:2.) And Plaintiff cited to specific testimony presented by Drs. Mays and Rosenzweig that would allow a reasonable jury to conclude that the risks of Restorelle Y outweigh the benefits. (*Id.* at 129:20–131:4.) The Court agreed with Plaintiff and denied the motion for judgment as a matter of law. (*Id.* at 135:2–6.)

The jury returned a verdict for Plaintiff against Coloplast.[1] (Doc. 311.) Coloplast now renews its Motion for judgment as a matter of law. (Doc. 346.) Plaintiff opposed (Doc. 362), and Coloplast replied (Doc. 365). So the matter is ripe.

---

[1] The jury did not find Boston Scientific liable. *See infra* note 2.

## STANDARDS

Under Federal Rule of Civil Procedure 50, "a party's motion for judgment as a matter of law can be granted . . . after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007) (cleaned up). "[I]n ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* "The court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (cleaned up). Judgment as a matter of law is inappropriate if "reasonable and fair-minded persons exercising impartial judgment might reach different conclusions." *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010)). "It is the jury's task—not the court's—to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *McGinnis*, 817 F.3d at 1254 (cleaned up).

## ANALYSIS

As to the portion of Coloplast's Motion seeking to revisit the issue of causation decided in the SJ Order and reaffirmed during trial (Doc. 346, pp. 19–28), the Motion is due to be denied for the same reasons provided

previously. (Doc. 169, p. 12; Doc. 273, pp. 135:2–6.)

As to the portion of Coloplast's Motion arguing that there was no competent evidence presented at trial about the risks of Restorelle Y outweighing the benefits (Doc. 346, pp. 8–19), Coloplast fails to show that "reasonable and fair-minded persons" could not have found for Plaintiff. *See Mee*, 608 F.3d at 1211. Indeed, Dr. Mays opined that polypropylene, the Restorelle Y mesh material, "is unsuitable for a permanent pelvic mesh implant" and defective. (*See, e.g.*, Doc. 248, pp. 31:8–120:16.) And Dr. Rosenzweig opined that Restorelle Y mesh is unsuitable for implantation and causes erosion, discharge, vaginal bleeding, pain, and dyspareunia.[2] (*See, e.g.*, Doc. 271, pp. 12:7–94:9.) So the testimony before the jury provided "sufficient evidentiary basis for a reasonable jury to find for [Plaintiff]." *See Chaney*, 483 F.3d at 1227 (11th Cir. 2007).

Accordingly, it is **ORDERED AND ADJUDGED** that Coloplast's Motion (Doc. 346) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 17, 2021.

---

[2] Plaintiff testified at trial that she was no longer experiencing incontinence, which she admitted was an improvement from before she began using the Boston Scientific Advantage Fit sling. (Doc. 266, pp. 151:17–152:14.) And her own expert, Dr. Rosenzweig, testified that Plaintiff's problems generally were not attributable to the Advantage Fit sling, and the Advantage Fit sling was a "minimum contributor" to the only problem it could have caused—the dyspareunia. (Doc. 273, p. 47:4–15.) This evidence was before the jury when it returned a verdict for Boston Scientific but against Coloplast.

ROY B. DALTON JR.
United States District Judge